DA–GREEN ELECTRONICS, LTD., a
New Jersey Corporation,
Plaintiff–Appellee,

v.

BANK OF YORBA LINDA, a
California Corporation,
Defendant–Appellant.

No. 88–6352.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1989.

Decided Dec. 11, 1989.

Steven N. Richman, Epport & Kaseff, Los Angeles, Cal., for defendant-appellant.

Joseph Liebman, Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, NELSON and NORRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Bank of Yorba Linda ("the Bank") appeals the judgment in favor of Da–Green Electronics, Inc. ("Da–Green"), holding the Bank liable for failure to honor a writ of execution served in an effort to levy on an account of one of the Bank's depositors. We affirm.

## FACTS AND PROCEEDINGS BELOW

For a period of five years prior to initiation of this lawsuit, Da–Green, a New Jersey Corporation, sold merchandise to an entity representing itself as Sun Electronics Distribution, Inc. ("Sun"). Da–Green forwarded merchandise to Sun, and then received payment by check drawn on an account maintained at the Bank. "Sun Electronics Distribution, Inc." was printed on the checks as the drawer/account holder.

In 1984, Da–Green shipped to Sun goods for which it received no payment. It subsequently initiated litigation in state court against Sun, and obtained a default judgment for $17,967.59. On September 4, 1986, Da–Green served on the Bank a writ of execution, seeking to levy on any Bank account in the name of Sun Electronics Distribution, Inc. The Bank refused to honor the writ of execution on the ground that it had no accounts under that name. It informed Da–Green, however, that it had an account under the name "Ronald Simonton, dba Sun Electronics Distribution." At the time of this first writ of execution, there was $11,386.25 in the Simonton account.

Da–Green then obtained a court order amending the judgment to add the name of Ronald Simonton and his d/b/a, Sun Electronics Distribution. In the meantime, the Bank offset all funds in the Simonton account against a debt owed the Bank by Simonton. When Da–Green served the Bank with the second writ of execution, naming the d/b/a as account holder, the Bank again rejected the levy, this time informing Da–Green that the Simonton account was closed.

Da–Green then sued the Bank, claiming that the Bank had breached its duty under applicable California statutes in refusing to honor the original writ of execution. After a bench trial, the district court ruled in favor of Da–Green, concluding that the Bank's failure either to turn over the proceeds of the account pursuant to Cal.Code Civ.Proc. § 701.010, or to place a hold on the account pursuant to Cal.Code Civ.Proc. § 700.160, constituted a breach of its duty

to Da–Green. The Bank filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291. The issues presented are questions of law, which we review *de novo*. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

## DISCUSSION

### 1. The Effect of Section 700.160

Section 701.010(a) of California's Code of Civil Procedure imposes a duty on the Bank to honor writs of execution on the property of judgment debtors. It provides, in relevant part:

> Except as otherwise provided by statute, when a levy is made by service of a copy of the writ of execution and a notice of levy on a third person, the third person at the time of the levy or promptly thereafter shall ... deliver to the levying officer any of the property levied upon that is in the possession or under the control of the third person....

Cal.Code Civ.Proc. § 701.010 (West 1987).

The Bank contends that it had no obligation to honor the first writ of execution because of section 700.160 of the Code of Civil Procedure. Section 700.160 explicitly provides that a judgment creditor cannot levy on a bank account standing in the name of someone other than the judgment debtor without obtaining a court order. That section states:

> (a) ... a deposit account or safe-deposit box standing in the name of a person other than the judgment debtor ... is not subject to levy ... unless the levy is authorized by court order.
>
> \*  \*  \*  \*  \*  \*
>
> (c) In any case where a deposit account in the name of a person other than the judgment debtor ... is levied upon, the financial institution shall not pay to the levying officer the amount levied upon ... until the expiration of 15 days after service of notice of levy on the third person.

Cal.Code Civ.Proc. § 700.160 (West 1987). The Bank argues that the discrepancy be-

tween the name on the writ, Sun Electronics Distribution, Inc., and the name of the account holder in its records, Ronald Simonton d/b/a Sun Electronics, makes the Simonton account one standing in "the name of a person other than the judgment debtor" for the purposes of section 700.160, and that in the absence of the required court order authorizing this levy, the Bank could not honor the writ. We disagree. The district court correctly held that no court order was needed under section 700.-160 in order to levy on the Simonton account, and that the Bank breached its statutory duty to Da–Green, the judgment creditor, in failing to honor the writ.

The outcome of this case depends upon whether the Simonton account stands "in the name of a person other than the judgment debtor" for purposes of section 700.-160. Unfortunately, the statutory language itself is ambiguous with respect to the provision's applicability when the name of the judgment debtor differs from that of the account holder in a minor, technical way. Moreover, we have no California case law to guide us. However, we conclude that the highly rigid, technical reading of section 700.160 urged by the Bank does not serve the underlying purposes of the legislation, and that the district court properly rejected such an approach.

■ According to the legislative committee's comment accompanying section 700.-160(a), that section was "designed to protect the rights of persons *whose rights have not been adjudicated and who may not have any relationship with the judgment debtor.*" 17 Cal. Law Revision Comm'n, Annual Report 975 (1984) (emphasis added). Thus, the essential purpose of this provision is to prevent the execution of levies against innocent third parties either because of mistaken identity or because the

party is otherwise not liable for the judgment.

In many cases, the distinction between a corporate account and an individual account may justify refusal to honor a levy against one when the writ of execution names the other. The individual assets well could be independent of the corporate assets subject to levy for the judgment. The creditor would not be entitled to reach the individual's assets without a court order under 700.160(b) establishing that the individual assets may be used to satisfy the judgment.

On the other hand, where the discrepancy between the name of the judgment debtor on the writ of execution and the name of the account holder on the signature card establishing the account is the result of a technical misdescription, and the bank has reason to believe that the account holder and the judgment debtor are, in fact, one and the same, the clear legislative purpose of section 700.160(a) is not served by permitting the bank to return the writ unsatisfied. *Cf.* 5A Michie on Banks and Banking, § 51 (1983) (stating the rule that when a writ of execution leaves out or misstates an essential middle initial, the bank is still required to pay out the money if it has actual knowledge that the debtor and person named in the writ are identical).

■ In this case, there is no doubt that the Bank had actual knowledge that the account holder and judgment debtor were the same. First, when it returned the levy unsatisfied, the Bank informed Da–Green that it held the d/b/a account. Second, the checks written on the Simonton account all showed on their face the name "Sun Electronics Distribution, Inc.," the exact name used in the writ of execution.[1] The bank for years had paid on checks showing the drawer "Sun Electronics Distribution, Inc."

---

**1.** This is rather persuasive evidence that the party named in the writ and the owner of the account were the same. We reject the Bank's argument that only the signature card for the account is relevant in determining the account holder for purposes of section 700.160. Third parties have no access to the signature card, which serves as a contract between the bank and the depositor for the handling of the account. *See Blackmon v. Hale,* 1 Cal.3d 548, 556, 83 Cal.Rptr. 194, 463 P.2d 418 (1970). From Da–Green's point of view, the name on the checks represents the only available information regarding the name of the account holder. The Bank must bear some responsibility for allowing checks using the name "Sun Electronics Distribution, Inc." as drawer to be drawn on the account.

and debited the Simonton account for the amount of the checks. Third, Da–Green presented evidence that Simonton himself had called the Bank a few days prior to service of the levy and informed the Bank that his account was about to be levied on.

These facts, taken together, establish that the Bank possessed actual knowledge that the writ of execution named the actual owner of the account. In light of these facts, the inclusion of "Inc." in the writ was a mere technical misdescription, and the account in question cannot be viewed as "standing in the name of a person other than the judgment debtor" under section 700.160(a). Thus, the Bank breached its duty under section 701.010(a) when it failed to honor the first writ of execution.

## 2. The Bank's Right of Setoff

▬ The Bank argues that even if the writ was effective, its right of setoff was superior to any rights Da–Green had as judgment creditor. It is true that under California law, a Bank's right of setoff against a matured debt of its creditor is superior to the rights of a third party creditor. *Walters v. Bank of America,* 9 Cal.2d 46, 55, 69 P.2d 839 (1937). However, under Cal.Code Civ.Proc. §§ 701.030(b)(1) and (b)(6), the Bank, in refusing to honor the writ, was required to give the reason for not delivering the property to the levying officer, and was required to describe the claims of other persons to the property of which it was aware. The Bank merely stated that the writ listed the debtor as "Inc.," while the account name was "dba." It never stated that its own right of setoff was its reason for refusing to honor the writ, nor did it inform Da–Green that it intended to exercise its setoff right.[2]

Moreover, Da–Green introduced evidence from Bank officials indicating that had the name on the first writ corresponded precisely to the account name, it would have honored the writ. In light of these facts, and because we have concluded that the first writ should have been honored, we agree with the district court's conclusion that Da–Green's claim to the Simonton account is superior to the Bank's claim.

The district court's judgment in favor of Da–Green is AFFIRMED.

NORRIS, Circuit Judge, dissenting:

I disagree with the majority opinion in only two respects, but my disagreement compels me to reach a different conclusion. First, when the writ of execution names a corporation while the account stands in the name of an individual, I do not agree that we can consider the discrepancy merely technical. Second, I find that the clear and explicit language of § 700.160 of the Code of Civil Procedure requires that we read it literally. Because I read the statute as meaning what it says, I respectfully dissent.

Section 700.160 of the Code of Civil Procedure makes it explicit that a judgment creditor cannot levy on a bank account standing in the name of someone other than the judgment debtor, unless he gets a court order.[1] Because Da–Green's original writ of execution named only the corporation as a judgment debtor, it was ineffective as to the account held in the name of "Ronald Simonton, dba Sun Electronics Distribution." The writ of execution authorized Da–Green to levy only upon accounts held in the corporate name, "Sun Electronics Distribution, Inc." Thus, the Bank was plainly correct in taking the posi-

---

**2.** In fact, the Bank did not assert the superiority of its right of setoff as a defense in its answer or at any stage of the proceedings prior to the district court's issuance of proposed findings of fact and conclusions of law.

**1.** Section 700.160 provides:
(a) ... a deposit account or safe-deposit box standing in the name of a person other than the judgment debtor ... *is not subject to levy ... unless the levy is authorized by court order.*

· · · · ·

(c) In any case where a deposit account in the name of a person other than the judgment debtor ... is levied upon, the financial institution shall not pay to the levying officer the amount levied upon ... until the expiration of 15 days after service of notice of levy on the third person.
Cal.Code Civ.P. § 700.160 (emphasis added).

tion that the original writ of execution did not subject the "dba" account to levy.

The majority, however, examines the underlying purpose of § 700.160 and concludes that this strict reading of the statutory language is unwarranted. I agree with the majority that the operation of the statute may seem unfair in these particular circumstances; however, I disagree that the solution is to reinterpret its explicit command.

Section 700.160 expressly provides that a bank account "standing in the name of a person other than the judgment debtor ... is not subject to levy ... unless the levy is authorized by the court order." As Da–Green's original writ named only the corporation as the judgment debtor, an account held in the name of an *individual* doing business under the same name as the corporation, was patently not an account standing in the name of the judgment debtor. Only when Da–Green obtained a court order adding names "Ronald Simonton and his dba Sun Electronics Distribution" as judgment debtors did the account held in the name of "Ronald Simonton, dba Sun Electronics Distribution" become subject to levy.

Moreover, during the period that Da–Green was obtaining a court order adding "Ronald Simonton and his dba Sun Electronics Distribution" as judgment debtors, the Bank was under no obligation to place a hold on the "dba" account. Section 700.-160(c) requires that *if* a third-party account is subject to levy, a bank must wait 15 days before releasing the funds in order to give the third party notice of the levy. This provision is inapplicable to the present case, because the account in question was not subject to levy until Da–Green obtained the court order adding the names of judgment debtors.

On appeal, Da–Green argues that at the time of the original levy, no court order was required because the name on the *printed checks* drawn on the "dba" account was "Sun Electronics Distribution, Inc." In essence, Da–Green's argument is that it substantially complied with § 700.160(a) by ensuring that the name of the judgment debtor was the same as the name written on the checks drawn on the account, even though the account itself stood in a different name. Da–Green contends that it had no way of knowing whose name the account stood in, and that it did "everything reasonably prudent and possible" under the statute by naming the party whose name appeared on the checks. The majority adds to this argument that the Bank had actual knowledge that the account holder and the judgment debtor were the same.

I believe these arguments must fail. Section 700.160(c) explicitly states that any time a judgment creditor seeks to levy on an account "standing in the name of a person other than the judgment debtor," the account is not subject to levy unless the levy is authorized by court order. It is irrelevant whose name is on the *checks* drawn from the account; the question is the name on the account. The requirement is designed to protect the rights of third-party account-holders "whose rights have not yet been adjudicated and who may not have any relationship to the judgment debtor." Legislative Committee Comment to § 700.160, 17 Cal.L.Rev.Comm.Rep. 975 (1984). The statute creates a court-supervised mechanism for ensuring both that the judgment creditor gets his money, and that the third party account-holder has a chance to be heard. I cannot imagine that the legislature intended to substitute the institutional knowledge of a bank for the due process protection of a court. In the present case, the operation of § 700.160 may seem unfair, because it enabled the Bank to deplete the account while Da–Green was taking steps to comply with the statute's technical requirements. Nonetheless, the statute establishes those requirements quite explicitly, and I do not believe we are free to relax them.

I would reverse the judgment of the district court.