[No. A091772. First Dist., Div. Five. Feb. 28, 2001.]

GERALD GROVER, Plaintiff and Appellant, v.
BAY VIEW BANK, Defendant and Respondent.

## Counsel

Mallette & Libonati and Linda L. Mallette for Plaintiff and Appellant.

Arter & Hadden, Neil J. Rubenstein and Eric J. Nims for Defendant and Respondent.

**OPINION**

**JONES, P. J.**—In his action for damages against Bay View Bank (Bay View), Gerald Grover alleges that Bay View negligently allowed his judgment debtor to escape a levy on bank accounts when it lost the documents necessary for levy and allowed the account holder to withdraw the money in the accounts. Bay View argues that the alleged loss of the papers is irrelevant. According to Bay View, even with the lost papers, it could not have paid Grover or prevented withdrawals from the accounts because (1) the accounts stood in the name of someone other than the judgment debtor, and (2) Grover failed to satisfy the prerequisites for levy on third party accounts. The trial court granted summary judgment for Bay View.

On appeal Grover contends that Bay View's negligence supersedes his failure to comply with a prerequisite for levy, and that the bank should have placed a hold on the accounts even if his paperwork was inadequate.

We conclude that, absent a proper levy on the bank accounts, it was Bay View's duty to act in accordance with the directions of the account holder. The undisputed facts show that Grover did not comply with the requirements for levy on a debtor's spouse's deposit account. We affirm the judgment.

## I. *Background*

Grover's complaint charged negligence and "violation of statute" against Bay View. Grover alleged that the bank's failure to seize accounts in the name of a judgment debtor's spouse, Delia Sicairos, allowed the spouse to withdraw funds that Bay View was required to hold for the benefit of Grover. According to Grover, Bay View allowed the withdrawal because it lost the levy papers.

From the parties' statements of undisputed facts (Code Civ. Proc., § 437c, subd. (b)), we learn the following. Grover sought to enforce a judgment by levy on bank accounts at Bay View, and on November 22, 1999, personally served Bay View with the following documents: (1) a writ of execution from the United States Bankruptcy Court for $77,001, (2) a memorandum of garnishee, (3) a notice of levy under writ of execution, and (4) a form listing exemptions from enforcement of judgments.

The writ of execution identified the judgment debtor as Panfilo G. Armas.

The notice of levy identified the judgment debtor as: "Panfilo Armas, husband of Delia Sicairos, account name." The notice described the property

to be levied on as follows: "All bank accounts held in the name of Delia Sicairos, the Good Job Brothers, Panfilo Armas, Armas Construction Company, and P.G.A. Realty. Accounts in the name of Delia Sicairos are the community property of the judgment debtor. Delia Sicairos is the wife of Panfilo Armas. . . ."

Under California's Enforcement of Judgments Law (EJL) (Code Civ. Proc., § 680.010 et seq.),[1] levy on a spouse's bank account without a court order requires an affidavit showing the marital relationship of the judgment debtor and the account holder. (§ 700.160.) Grover did not serve Bay View with any court order authorizing seizure in the name of the individual Delia Sicairos, or any declaration or affidavit identifying Ms. Sicairos as a spouse of the debtor, Mr. Armas, even though he sought to levy on accounts in the name of the debtor's spouse.

On November 24, 1999, the spouse, Delia Sicairos, withdrew approximately $58,000 from the bank in the form of two checks. One check was certified and payable to "Stewart Title." The record does not reflect the payee of the other check.[2]

Relying on these undisputed facts, Bay View moved for summary judgment on the ground that it had no duty or right to seize bank accounts in the name of someone other than the judgment debtor in the absence of a court order allowing levy on a third party bank account, or an affidavit showing that the account stood in the name of the spouse of the judgment debtor. The trial court granted the motion finding that the action had "no merit" and that there were no triable issues of material fact.

## II. *Discussion*

### A. *Standard of Review*

■ Rulings on motions for summary judgment are reviewed de novo. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766].)

Summary judgment is properly granted where there is no triable issue of any material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) The determination of the existence of triable issues

---

. [1] All further undesignated statutory references are to the Code of Civil Procedure.

[2] It is also not clear from the record whether the account stood solely in the name of Ms. Sicairos. The parties' briefs indicate she withdrew the money from her accounts and that Armas's name was not on the accounts. Had Armas's name been on the accounts the levy would have been valid. (§ 700.160, subd. (b)(1).)

of fact is made in light of the issues defined in the pleadings. A defendant moving for summary judgment must conclusively negate a necessary element of each of the plaintiff's causes of action, or demonstrate that there are no material fact issues that require a trial, in which case the defendant is entitled to judgment as a matter of law. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [100 Cal.Rptr.2d 352, 8 P.3d 1089]; § 437c, subd. (n); *McManis v. San Diego Postal Credit Union* (1998) 61 Cal.App.4th 547, 555 [71 Cal.Rptr.2d 617].)

### B.   *The Bank's Duties Under the EJL*

■   Grover contends that Bay View's negligent loss of the levy papers "supersedes" his negligent failure to serve the required affidavit. In Grover's view, Bay View's loss of the papers, rather than Grover's failure to deliver the affidavit, was the "cause" of his loss of $58,000. Additionally, Grover argues that because the notice of levy identified the depositor as the spouse of the judgment debtor, Bay View had actual notice of the spousal relationship.

Bay View brushes aside the purported loss of the papers and responds that it had no duty or right to seize third party bank accounts absent compliance with the statutory requirements of section 700.160, subdivision (b)(2).

■   If Bay View had no duty or right to stop the withdrawal, its loss of the papers and the issue of causation are of no consequence. We therefore begin our analysis with a review of a bank's basic duties with respect to its depositors and nondepositors. Those duties were summarized in *Chazen v. Centennial Bank* (1998) 61 Cal.App.4th 532 [71 Cal.Rptr.2d 462] (*Chazen*). " 'The relationship of bank and depositor [is that of debtor and creditor, and it] is founded on contract' . . . This contractual relationship does not involve any implied duty 'to supervise account activity' . . . or 'to inquire into the purpose for which the funds are being used' . . . ." (*Id.* at p. 537, citations omitted.) The bank does have " 'a duty to act with reasonable care in its transactions with its depositors . . . .' " (*Id.* at p. 543.) The relationship "entails no contractual obligation to persons other than the account holder . . . ." (*Id.* at p. 537, citation omitted.)

■   As Grover recognizes, any duty Bay View might have to seize or freeze bank accounts for his benefit must arise from the EJL. Section 700.140 sets out the basic requirements for levy on deposit accounts. Subdivision (a) of that section requires personal service on the bank of a copy of

the writ of execution and the notice of levy.[3] When the deposit account stands in the name of a person other than the judgment debtor, however, section 700.160 requires a court order authorizing levy. The judgment creditor may dispense with the court order if the third party account holder is the judgment debtor's spouse. (§ 700.160, subd. (b)(2).) But to levy on a spouse's account, the judgment creditor must deliver to the bank at the time of levy an affidavit showing the marital relationship. (*Ibid.*)[4]

Compliance with these prerequisites creates a legal obligation to deliver the property to the levying officer. (§ 701.010.) When levy is on a deposit account in the name of a third party, standing solely or jointly in the name of the judgment debtor, section 700.160 provides for a 15-day holding period so that the third party can contest the levy. (§ 700.160, subd. (c); see Legis. Com. com., 17 West's Ann. Code Civ. Proc. (1987 ed.) foll. § 700.160, p. 229.)[5]

As Bay View persuasively argues, it had no legal obligation to seize or freeze Ms. Sicairos's accounts, because Grover failed to deliver the required evidence of the marital relationship. Grover concedes that "[s]ervice of the affidavit was essential to the validity of the levy." Absent a valid levy, it was Bay View's duty to honor requests for payment by Ms. Sicairos. A bank is "obligated to pay the debt reflected by the balance of the deposited funds upon its depositor's demand. [Citations.]" (*Morse v. Crocker National Bank* (1983) 142 Cal.App.3d 228, 232 [190 Cal.Rptr. 839].) As noted in *Chazen*: "The provisions of the California Uniform Commercial Code and federal regulations governing bank deposits and collections require banking transactions to be processed quickly and automatically and impose strict deadlines for the payment or timely dishonor of checks. [Citations.]" (*Chazen, supra,* 61 Cal.App.4th at p. 539.)

---

[3]Section 700.140, subdivision (a), provides: "Subject to Section 700.160, to levy upon a deposit account, the levying officer shall personally serve a copy of the writ of execution and a notice of levy on the financial institution with which the deposit account is maintained. The execution lien reaches only amounts in the deposit account at the time of service on the financial institution . . . ."

[4]Section 700.160, subdivision (b), provides: "A court order is not required as a prerequisite to levy on a deposit account or safe-deposit box standing in the name of any of the following: [¶] . . . [¶] (2) The judgment debtor's spouse, whether alone or together with other third persons. An affidavit showing that the person in whose name the account stands is the judgment debtor's spouse shall be delivered to the financial institution at the time of levy."

[5]Section 700.160, subdivision (c) provides: "In any case where a deposit account in the name of a person other than the judgment debtor, whether alone or together with the judgment debtor, is levied upon, the financial institution shall not pay to the levying officer the amount levied upon until being notified to do so by the levying officer. The levying officer may not require the financial institution to pay the amount levied upon until the expiration of 15 days after service of notice of levy on the third person."

In light of these principles, we conclude Bay View had no right, let alone a duty, to freeze Sicairos's accounts without the proper levy papers. Therefore, we cannot indulge Grover in his request that we weigh the relative harm caused by Bay View's alleged loss of the levy papers against his failure to comply with the EJL. If Bay View had no right to freeze the accounts, it does not matter whether it lost the levy papers.

We also reject Grover's suggestion that Bay View should have pointed out his error so that he could have submitted the required affidavit. He cites no authority that would impose such a duty on a bank, and even if Bay View had pointed out his error, one could only speculate as to whether Grover would have or could have served the affidavit in time to stop Ms. Sicairos's withdrawal of the $58,000.

The affidavit requirement provides a modicum of assurance that a levy on a third party's account is proper. Neither the judgment creditor nor the bank is free to disregard it.

### C.   *Actual Notice and the Da-Green Case*

Grover asserts that Bay View had "actual notice" of the identity of the account holder and her relationship to the judgment debtor from the notice of levy. Therefore, according to Grover, Bay View should have imposed the 15-day hold on the funds in Ms. Sicairos's accounts under section 700.160, subdivision (c). He cites *Da-Green Electronics, Ltd. v. Bank of Yorba Linda* (9th Cir. 1989) 891 F.2d 1396 (*Da-Green*) for the proposition that Bay View could not ignore the levy once it had actual notice of the relationship between Armas and Sicairos.

We first note that the 15-day hold provided by subdivision (c) of section 700.160 presumes the existence of a levy. Because Grover did not make a valid levy, the 15-day hold does not apply.

Grover's reliance on *Da-Green* is misplaced because *Da-Green* is factually distinguishable. In *Da-Green*, a judgment creditor sought to levy on the bank account of "Sun Electronics Distribution, Inc." (*Da-Green, supra,* 891 F.2d at p. 1397.) The creditor had sold merchandise to this entity for five years and had received payment by check with that name printed on the checks. The bank refused to honor the writ of execution because it had no account in the name of Sun Electronics Distribution, Inc. However, the bank informed the creditor it had an account under the name of " 'Ronald Simonton, dba Sun Electronics Distribution.' " (*Ibid.*) Other evidence showed that the bank had for years paid checks showing the drawer as Sun Electronics

Distribution, Inc., from the Simonton account, and that Simonton himself had called the bank a few days before the levy to tell the bank that his account would soon be levied on. (*Id.* at pp. 1398-1399.)

Based on these facts, *Da-Green* concluded that there was "no doubt" that the bank had "actual knowledge" that the account holder and the judgment debtor were the same. (*Da-Green, supra,* 891 F.2d at 1398.) The inclusion of "Inc." in the writ of execution was a "mere technical misdescription." (*Id.* at p. 1399.) Thus, the account in question did not stand in the name of a person other than the judgment debtor within the meaning of section 700.160, and the bank breached its duty under section 701.010 when it failed to honor the writ of execution.[6] (*Da-Green, supra,* at p. 1398.)

As Bay View points out, *Da-Green* involved a judgment creditor's attempt to levy on an account in the name of the judgment debtor. The levy in *Da-Green* did not affect a third party. Here in contrast, it is undisputed that the account stood in the name of a person other than the judgment debtor. Under the EJL, levy on such an account requires a court order or statement under penalty of perjury that the account holder is the spouse of the judgment debtor. In addition to the EJL, other laws permit a bank to ignore adverse claims to a deposit account unless the claimant presents a proper affidavit or court order, and forbid the release of funds from an account without the depositor's authorization or in accordance with the law. (Fin. Code, §§ 952, 40501; see also Cal. U. Com. Code, § 4402 [bank liable for wrongful dishonor of check].) Unlike the bank in *Da-Green,* Bay View had no authority to honor the writ of execution.

D. *The Execution Lien*

Grover contends that his failure to serve an affidavit did not prevent an execution lien from attaching to the funds in Ms. Sicairos's accounts.

An execution lien is created by a levy under a writ of execution. (§ 697.710.) As we discussed above, there was no valid levy in this case. Without a valid levy, there was no lien. (See Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2000) ¶ 6:422, p. 6D-27 [no lien is created until all acts necessary to levy on the property are completed].) Grover cites section 699.550 to support his argument that defects in service are not fatal to the lien. That section merely states that once property has been levied on, the failure to serve the *judgment debtor*

---

[6]The bank itself took the funds in the Simonton account to satisfy a debt owed to the bank.

with the levy papers does not affect the execution lien.[7] It does not excuse failure to serve proper levy papers on the bank.

Bay View had no duty to honor the writ of execution or to point out Grover's omission. Therefore, Bay View has conclusively negated an essential element of Grover's cause of action for negligence. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 57 [77 Cal.Rptr.2d 709, 960 P.2d 513].) Any liability under the EJL itself is also premised on a duty to deliver the property to the levying officer. (§ 701.020, subd. (a).)[8] Because the bank had no duty, the statute was not breached.

III. *Disposition*

We affirm the judgment.

Stevens, J., and Richman, J.,* concurred.

---

[7]Section 699.550 provides: "In any case where property has been levied upon and, pursuant to a levy, a copy of the writ of execution and a notice of levy are required by statute to be posted or to be served on or mailed to the judgment debtor or other person, failure to post, serve, or mail the copy of the writ and the notice does not affect the execution lien created by the levy. Failure to serve on or mail to the judgment debtor a list of exemptions does not affect the execution lien created by the levy."

[8]Section 701.020, subdivision (a), provides: "If a third person is required by this article to deliver property to the levying officer or to make payments to the levying officer and the third person fails or refuses without good cause to do so, the third person is liable to the judgment creditor for whichever of the following is the lesser amount: [¶] (1) The value of the judgment debtor's interest in the property or the amount of the payments required to be made. [¶] (2) The amount required to satisfy the judgment pursuant to which the levy is made."

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.