Robert F. SANVILLE, Court appointed
Trustee of The Infinity Group
Company, Plaintiff–Appellant,

v.

BANK OF AMERICA NATIONAL
TRUST & SAVINGS ASSOCIATION;
Gregory Paul Karl; C. Joyce Berta,
Defendants–Appellees.

No. 00–56792.
D.C. No. CV–99–02108–MJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided Aug. 29, 2001.

Before KOZINSKI and THOMAS, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

We affirm the district court's dismissal of Sanville's claims against the Bank of America and C. Joyce Berta.

I

It is unnecessary to decide whether Sanville had standing to bring a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), because both his complaint and his Civil RICO Case Statement failed to plead adequately the predicate acts of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and money laundering (18 U.S.C. § 1956).

Sanville did not meet the strict requirements of pleading fraud under Federal Rule of Civil Procedure 9(b) because he did not plead with sufficient particularity that the defendants had the "specific intent to deceive or defraud," as required for both mail and wire fraud. *See Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1399–1400 (9th Cir.1986). This allegation need not be made expressly, *see Sun Savings and Loan Assoc. v. Dierdorff*, 825 F.2d 187, 195–96 (9th Cir.1987); rather, "[t]he requirement of specific intent under these statutes is satisfied by the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself," *see Schreiber*, 806 F.2d at 1400 (internal quotation marks and citation omitted).

Sanville's pleadings do not describe a scheme in which defendants targeted their deceptions specifically and intentionally at the Infinity Group Company, the alleged victim of the purported RICO scheme. Rather, the pleadings at best identify a scheme in which the defendants specifically intended to deceive state and federal reporting authorities. Sanville's conclusory pleadings fail to plead a RICO theory with the requisite specificity.

Because Sanville failed to properly allege the substantive RICO violation, the RICO conspiracy claim also fails. *See* 18 U.S.C. § 1962(d); *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir.2000).

II

Sanville's state law negligence claim fails because, under California law, banks owe no duty of care to fiduciary depositors. *See Grover v. Bay View Bank*, 87 Cal.App.4th 452, 456, 104 Cal.Rptr.2d 677, 680 (Ct.App.2000); *Chazen v. Centennial Bank*, 61 Cal.App.4th 532, 537, 543, 71 Cal.Rptr.2d 462 (Ct.App.1998).

Sanville's claim of common law fraud also fails. Because the pleadings failed to plead with particularity the specific intent element of the RICO predicate acts, it also failed to properly plead that defendants "intend[ed] to defraud, i.e. to induce reliance" by, the Infinity Group Company. *See Agric. Ins. Co. v. Superior Court*, 70 Cal.App.4th 385, 402, 82 Cal. Rptr.2d 594 (Ct.App.1999) (listing ele-

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ments of common law fraud claim under California law). The pleadings do not allege with particularity that any of the defendants represented that the accounts were legal, or that the Infinity Group Company justifiably relied on any such assertions.

AFFIRMED.