**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. PHILIPS CORPORATION, a Delaware corporation,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>KBC BANK N.V.,<br><br>            Movant - Appellant. | No. 14-56199<br><br>D.C. No. 2:05-cv-08953-DMG-PLA<br><br><br>MEMORANDUM[*] |
| U.S. PHILIPS CORPORATION, a Delaware corporation,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>KBC BANK N.V.,<br><br>            Movant - Appellant. | No. 14-56541<br><br>D.C. No. 2:05-cv-08953-DMG-PLA |
| U.S. PHILIPS CORPORATION, a Delaware corporation, | No. 14-56592<br><br>D.C. No. 2:05-cv-08953-DMG- |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff - Appellant,

v.

KBC BANK N.V.,

Movant - Appellee.

PLA

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges and KORMAN,** Senior District Judge.

U.S. Philips Corp. and KBC Bank cross-appeal the district court's orders holding KBC in contempt and granting, in part, Philips's motion for attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in holding that KBC has a superior claim to KXD Technology Inc.'s funds. "[U]nder California law, a Bank's right of setoff against a matured debt of its creditor is superior to the rights of a third party creditor." *Da-Green Elecs., Ltd. v. Bank of Yorba Linda*, 891 F.2d 1396, 1399 (9th

---

** The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

Cir. 1989) (citing *Walters v. Bank of Am.*, 9 Cal. 2d 46, 55 (1937)). Because

KXD's debt to KBC came due before the district court entered judgment in

Philips's favor in the underlying patent suit against KXD, KBC had an equitable

right of setoff that was superior to Philips's rights as a judgment creditor. *See*

*Martin v. Wells Fargo Bank*, 91 Cal. App. 4th 489, 494 (2001).

    2. Nevertheless, the district court did not abuse its discretion by holding

KBC in contempt. The temporary restraining order ("TRO"), in relevant part,

enjoined "all banks" from "transferring" KXD's assets. While the TRO was in

effect, KBC transferred payments from KXD's customers into KXD's bank

account with KBC, then transferred those funds out of KXD's account to pay down

KXD's outstanding debt to KBC. These transfers made the disputed funds

"unavailable" to Philips because, for example, Philips could not reach the funds by

attaching KXD's account. Further, internal memoranda show that KBC and KXD

executives worked together to coordinate these transfers, satisfying the aiding and

abetting element required to hold a non-party in contempt. *See Peterson v.*

*Highland Music, Inc.*, 140 F.3d 1313, 1323–24 (9th Cir. 1998).

    3. The district court did not abuse its discretion in holding that Philips is not

entitled to an award of damages. In civil contempt actions, "an award to an

opposing party is limited by that party's actual loss." *In re Crystal Palace*

3

*Gambling Hall, Inc.*, 817 F.2d 1361, 1366 (9th Cir. 1987). Because KBC has a superior claim to KXD's funds, its actions did not cause Philips any actual losses.

4. The district court did not abuse its discretion in awarding attorneys' fees. That Philips and its counsel had a contingent-fee agreement does not preclude a fee award. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1108 (9th Cir. 2015). The district court's decision to award only those fees and costs incurred in the course of the contempt proceedings was reasonable under the circumstances. *See Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682–83 (9th Cir. 1986).

**AFFIRMED.**